IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCOS LOPEZ ORTIZ,<br>TDCJ #1049113,<br><br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-17-3856 |

## MEMORANDUM AND ORDER

Marcos Lopez Ortiz is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Ortiz has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2001 state court conviction for aggravated robbery. He has also filed a motion for an evidentiary hearing [Doc. # 3] and a motion for discovery [Doc. # 4]. After considering all of the pleadings and the applicable law, the Court will dismiss the petition for the reasons explained briefly below.

## I. BACKGROUND

On April 11, 2001, Ortiz was convicted of aggravated robbery in Galveston County Cause No. 00CR1009.[1] Ortiz received a sentence of 25 years' imprisonment as a result of that conviction, which was affirmed on direct appeal in an unpublished opinion. *See Ortiz v. State*, Nos. 14-01-00556-CR &14-01-00557-CR (Tex. App. — Houston [14th Dist.] May 23, 2002, pet. ref'd) (affirming Ortiz's convictions for aggravated robbery and aggravated assault).

In a rambling, incoherent petition that was executed on December 12, 2017, Ortiz contends that he is innocent and that his conviction was the result of a corrupt conspiracy between Galveston police and the Galveston County District Attorney's Office.[2] Court records reflect that Ortiz has raised similar claims in a previous federal habeas proceeding under 28 U.S.C. § 2254. *See Ortiz v. Dretke*, Civil No. 3:04-0354 (S.D. Tex.). The district court granted the respondent's motion for summary judgment and dismissed that petition with prejudice on March 2, 2006.

## II. DISCUSSION

---

[1]   TDCJ Offender Information, located at: http://Offender.tdcj.texas.gov (last visited Feb. 5, 2018).

[2]   Petition [Doc. # 1], at 6-33.

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), which prohibits "second or successive" habeas corpus applications that do not rely on a "new rule of constitutional law" made retroactive by the Supreme Court or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). If a prisoner wishes to pursue a second or successive habeas application he must first obtain authorization from the appropriate court of appeals before a district court can consider that application. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no jurisdiction to consider a successive petition absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application qualifies as second or successive when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.* The pending petition, which duplicates claims raised and rejected in a previous habeas corpus proceeding, plainly meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003).

Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.

3

*See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Ortiz presents no proof of authorization and court records reflect that the Fifth Circuit has denied his request for leave to file a second or successive application. *See In re Ortiz*, No. 09-40129 (5th Cir. March 3, 2009). Accordingly, the petition must be dismissed as an unauthorized successive writ.

## III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that

4

they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate the procedural ruling in this case was correct, a certificate of appealability will not issue.

IV. **CONCLUSION AND ORDER**

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petition filed by Marcos Lopez Ortiz [Doc. # 1] is **DISMISSED without prejudice** as an unauthorized successive petition.

2. The motion for an evidentiary hearing [Doc. # 3] and the motion for discovery [Doc. # 4] are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on February 6, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE